**99–869. Tribett v. Mestek, Inc.**

Jefferson App. No. 99JE1. This cause is pending before the court as a discretionary appeal. Upon consideration of the applications for dismissal by Mestek, Inc. and Wheeling Pittsburgh Steel Corporation,

IT IS ORDERED by the court that the applications for dismissal be, and hereby are, granted.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

**99–1237. In re Maloney.**

Columbiana App. No. 95CO74. This cause is an appeal by William Maloney from the judgment of the Columbiana County Court of Appeals entered in court of appeals case No. 95CO74 on May 18, 1999. Supreme Court case No. 99–1236 is an appeal by Phyllis Mitchell of the same judgment.

IT IS ORDERED by the court, *sua sponte*, that the appeal of William Maloney be filed and docketed as a second notice of appeal in case No. 99–1236 and this case be dismissed.

IT IS FURTHER ORDERED by the court, *sua sponte*, that appellee shall proceed to file only one memorandum in response, if any, in case No. 99–1236, as prescribed by S.Ct.Prac.R. III(2)(D).

## MISCELLANEOUS DOCKET

| | | |
|---|---|---|
| In re Report of the Commission on Continuing Legal Education. | : : | 1999 TERM |
| David W. Fassett ( #0029221 ), Respondent. | : : | ENTRY |

This matter originated in this court on the filing of a report by the Commission on Continuing Legal Education (the "commission") pursuant to Gov.Bar R. X(6)(A)(1)(b) and (A)(2)(d). The commission recommended the imposition of sanctions against certain attorneys, including the above-named respondent, for failure to comply with the provisions of Gov.Bar R. X, Attorney Continuing Legal Education, for the 1994–1995 reporting period.

On April 14, 1997, this court adopted the recommendation of the commission, imposed a sanction fee upon the respondent, and suspended the respondent from the practice of law pursuant to Gov.Bar R. X(6)(B)(3), and Gov.Bar R. X(5)(A)(4). The court further ordered that respondent shall not be reinstated to the practice of law in Ohio until respondent complies with the requirements for reinstatement set forth in Gov.Bar R. X(7).

On June 14, 1999, the commission filed a recommendation pursuant to Gov.Bar R. X(7)(B)(2), finding that the respondent has paid all fees assessed for noncompliance, has made up all deficiencies, and is now in full compliance with all requirements of Gov.Bar R. X, and recommending that the respondent be reinstated to the practice of law in Ohio. On June 14, 1999, the commission certified that respondent had completed the credit hours of continuing legal education required during his suspension by this court's order of suspension. Upon consideration thereof,

IT IS ORDERED by the court that the recommendation of the commission be adopted and respondent, David W. Fassett, be hereby reinstated to the practice of law.